

Robert Garson
20801 Biscayne Blvd., Suite 506
Aventura, FL 33180
E: rg@gs2law.com
P: +1.305-780-5212

November 4, 2025

**BY ECF**
Hon. Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 920
Central Islip, NY 11722

**Re:    Response to Defendants' Pre-Motion Letter -  Hamra v. Al Jazeera Media Network et al., Case No. 2:25-cv-04774**

Dear Judge Azrack,

Plaintiff, Abraham Hamra, respectfully submits that Defendants' Al Jazeera International (USA) LLC and Al Jazeera Media Network contemplated Rule 12(b)(6) motion is unlikely to succeed as it exclusively depends on extra-pleading materials and factual disputes over what an Instagram reel and its caption conveyed. The First Amended Complaint ("FAC") [ECF 8] correctly identifies the post, quotes the caption, pleads that Plaintiff is clearly identified visually, and alleges falsity and malice with particularity. Moreover, the FAC challenges whether Al Jazeera is in fact a bona fide news reporting organization.

Defendants' letter [ECF 19] it is a masterclass in understatement. It concedes that the Plaintiff is depicted and that his first name is used while juxtaposed with commentary that he was a paid influencer. Defendants' sleight of hand translates these seemingly fatal admissions into Plaintiff being "largely anonymous.[1]" Either Plaintiff was identified or he was not in circumstances which could be considered defamatory by a jury. If anything, this is not a basis for dismissal but rather goes to the issue of damages.

In these circumstances, a pre-motion conference would not be a productive use of judicial resources.

**I.    "Of and concerning" and Defamatory Meaning are plausibly pled**

The FAC pleads the caption verbatim:
"Videos show social media influencers who were invited by #Israel's government to tour #GHF aid sites in #Gaza, where the UN has declared a stage five famine. #Israel_Gaza_War." (FAC ¶54,

---

[1] Counsel's use of "largely anonymous" is an interesting exercise in semantics and an insufficient defense against defamation. It is practically Monty Python-esque in its deployment, akin to Defendants saying, "Well, I only defamed him in passing."

pp. 9–10) It also pleads that Plaintiff is clearly identified visually in the screenshot.[2] The FAC further alleges that the post directly identified Plaintiff as one of the "influencers" who was "reportedly paid." (*id*). On a motion to dismiss, these allegations must be accepted as true and readily satisfy "of and concerning" and defamatory meaning.

The FAC also alleges robust audience understanding and harm, including threats, harassment, and coordinated calls to "expose," "report," and "block on a massive scale," and inflammatory accusations likening Plaintiff to war criminals and traitors underscoring defamatory sting in context. (FAC ¶¶71–74, p. 12)

> II.   **Falsity is specifically pled; "substantial truth" cannot be resolved at this Stage**

The FAC alleges the accusation "is false in its entirety," that Plaintiff "has never received any payment, compensation, or financial incentive from the Israeli government or any affiliated entity," and that his visit was independent and self-funded. (FAC ¶¶56–57, pp. 10–11) Defendants' substantial-truth theory, that government investment in others or arranged access somehow equals "reported payment" to the Plaintiff who was explicitly featured, presents a classic fact dispute not suitable for Rule 12(b)(6).

> III.  **Actual malice is plausibly alleged; any limited-purpose public figure question is fact-bound**

Even assuming arguendo limited-purpose public figure status, the FAC pleads non-conclusory facts supporting actual malice: the post cited no sources for "reportedly paid"; publicly available information showed Plaintiff is an independent U.S. attorney with no foreign-government ties; and Defendants failed to conduct even basic fact-checking, including contacting Plaintiff. (FAC ¶¶58–60, pp. 11) These allegations plausibly state reckless disregard at the pleading stage.

> IV.   **"Neutral reportage" Does not Warrant Dismissal on the Pleadings**

First and foremost, the FAC at ¶¶ 27- 52 firmly disputes that the Defendants can avail themselves of the First Amendment due to the fact that they are not at all neutral or responsible. In fact, the FAC categorically alleges that the Defendants are funded by the Qatari government, have employed terrorists over the years who masquerade as reporters and are motivated to spread mistruths. The caption pled in the FAC reiterates the language shown on the Instagram reel and taken together are more than adequate for pleading purposed. The post provides no source attribution for "reportedly paid." (FAC ¶¶54–55, pp. 9–10.) As such, whether the post neutrally attributed an accusation or endorsed it is, at minimum, a factual question inappropriate for resolution under Rule 12(b)(6).

> V.    **Publication, account control, and forum are adequately pled; AJI issues should be deferred to discovery**

The FAC alleges Defendants purposefully direct content to U.S./New York audiences via Instagram (FAC ¶9, p. 3) and that AJMN operates Al Jazeera English and distributes content via @aljazeeraenglish (FAC ¶15, p. 4.). Any dispute over whether AJI also controlled or participated

---

[2] https://www.instagram.com/reel/DNycFgNWJO7/?igsh=bmgxYzAzaWU3eW5k is incorporated by reference.

in publishing the post involves facts uniquely within Defendants' knowledge and should be addressed in discovery rather than resolved on the pleadings.

It is submitted that a pre-motion conference would be unproductive. Defendants' anticipated arguments turn on extra-pleading materials and disputed characterizations of the reel, its caption, and its meaning, along with fact-intensive issues namely, identification, defamatory gist, malice, and publisher control. The FAC's detailed allegations make dismissal unlikely and any conference unlikely to streamline the case. Respectfully, the Defendants should answer the FAC and the matter should proceed to discovery.

Respectfully submitted,

Robert Garson

cc: All Counsel of Record (via ECF)